UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

| | |
|---|---|
| In re:<br><br>GEMBER BERUK<br><br>_____<br><br>GEMBER BERUK<br><br>        Plaintiff<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION<br><br>   SERVE:  Lisa Brown, General Counsel<br>                 US Department of Education<br>                 400 Maryland Avenue SW<br>                 Washington, DC  20202<br><br>                 United States Attorney<br>                 Eastern District of Virginia<br>                 2100 Jamieson Ave.<br>                 Alexandria, VA  22314<br><br>                 United States Attorney General<br>                 10th St & Constitution Ave, NW<br>                 Rm. 6313<br>                 Washington, DC  20530<br><br>And<br><br>GREAT LAKES EDUCATIONAL LOAN<br>SERVICES, INC.<br><br>   SERVE:  C T CORPORATION SYSTEM<br>                 4701 Cox Rd Ste 285<br>                 Glen Allen, VA  23060-6808<br><br>            Defendants | Case No. 22-10913-BFK<br><br><br><br>AP No. _____<br><br><br><br>COMPLAINT TO<br>DETERMINE<br>DISCHARGEABILITY<br>OF STUDENT LOAN<br>DEBT UNDER<br>11 U.S.C. §523(a)(8) |

# COMPLAINT TO DETERMINE DISCHARGEABILITY
# OF STUDENT LOANS UNDER 11 U.S.C. §523(a)(8)

## JURISDICTION

1. The United States District Court for the Eastern District of Virginia has jurisdiction of this action pursuant to 28 U.S.C. § 1334 because plaintiff's dischargeability complaint arises under Title 11.

2. The United States Bankruptcy Court for the Eastern District of Virginia has jurisdiction of this action pursuant to 28 U.S.C. § 157 and Rule 7001 of the Federal Rules of Bankruptcy Procedure, in that it arises under plaintiff's bankruptcy case number 22-10913-BFK filed under Chapter 7 of Title 11 in this United States Bankruptcy Court for the Eastern District of Virginia (Alexandria Division).

3. Plaintiff's dischargeability complaint is a core proceeding under 28 U.S.C. §157(b)(2), and plaintiff consents to entry of final orders and judgment by the bankruptcy judge in this adversary proceeding.

4. Venue is proper in this district because plaintiff resides in Alexandria, Virginia in this district and filed her bankruptcy in this Alexandria Division.

5. The relief requested in this Complaint is predicated upon section 523(a)(8) of the Bankruptcy Code, 11 U.S.C. § 523(a)(8), and Rule 7001 of the Federal Rules of Bankruptcy Procedure,.

## PARTIES

6. Gember Beruk ("plaintiff") is an individual living in Alexandria, Virginia. Plaintiff's educational debts to defendants are collectively referred to as her "student loans" in this complaint.

7. Defendant United States Department of Education ("DOE") is the owner of all of plaintiff's outstanding Stafford student loans.

8. Defendant Great Lakes Educational Loan Services, Inc. ("Great Lakes") is a nonprofit corporation authorized to conduct business in Virginia. Great Lakes is the loan servicer for all of plaintiff's student loans.

## FACTS

9. Plaintiff attended Northern Virginia Community College (hereinafter "NVCC") from 2009 through 2011 and received an Associate of Science in Business Administration degree in May 2011.

10. Plaintiff attended George Mason University from fall 2011 through May 2015, when she received a Bachelor of Science in Accounting and a Bachelor of Science in Information Systems Operations Management in May 2015.

11. To finance her education, plaintiff borrowed a total of $54,000 in federal Stafford loans, with interest rates ranging from 3.4% to 6.8%. No payments were due on these loans while plaintiff was a full-time student.

12. The current cumulative balance on these loans is $57,458.78.

13. Under the original terms of the student loans, plaintiff was required to resume payments six months after graduation (around November 2015), and her monthly payment required to pay off all loans during the standard loan repayment period would have ranged between $609.00 and $684.00 for a period of ten (10) years, or until November 2025.

14. Plaintiff was unable to find a job immediately after graduation. She applied and interviewed for many jobs but was unable to get a job in her field of study because she lacked previous work experience.

15. Plaintiff eventually found a job as an Office Manager at Crescent Property Management in Washington, DC. Her starting wages were $12 per hour and eventually her wages were raised to $14 per hour.

16. Plaintiff could not afford to start making payments of $609 per month in November 2015 as required. On February 13, 2016, she applied for and was accepted into DOE's income-based repayment ("IBR") program, with her required payment being $133.17 per month.

17. Plaintiff has made a good faith attempt to repay her student loans. Once she was accepted into the IBR program, plaintiff made the following payments:

| Date | Amount |
| --- | --- |
| 04/09/2016 | $133.17 |
| 05/09/2016 | $133.17 |
| 06/09/2016 | $133.17 |
| 06/17/2016 | $875.57 |
| 07/08/2016 | $200.00 |
| 08/08/2016 | $140.00 |
| 09/08/2016 | $140.00 |

18. After September 2016, plaintiff became unable to make further payments because she developed debilitating health issues that made her unable to work because of them. She applied for and was granted forbearance from DOE; her interest payments were government-subsidized from October 2016 through March 2021, when DOE stopped all student loan payments due to the COVID-19 pandemic.

19. Plaintiff's student loans have never gone into default. She meticulously monitors her student loan account and status to ensure she has always kept her student loan account in good standing. Her current loan forbearance period will end on January 11, 2023.

20. Special circumstances exist that indicate plaintiff's inability to repay her student loans will continue through the loan repayment period. Plaintiff's medical issues have never been resolved and she continues to be unable to work because of them. She does not have a definitive diagnosis even though she has seen several different types of medical specialists and has been referred to and participated in studies at the National Institutes of Health.

21. Due to her medical issue, plaintiff has been forced to move back in with her parents, who support her financially. She receives limited public benefits of Medicaid medical insurance and SNAP (food stamps) of $250 per month.

22. Plaintiff has been ill and unable to work since September 2016. She does not know if or when she will ever be able to return to work in any capacity. Her original loan repayment period will be done in November 2025, though she was recently advised of a new program that offered her lower initial payments for two years with a payback period that would stretch into 2033.

23. Plaintiff cannot maintain a minimal standard of living if required to repay her student loans to defendants.

24. Even if plaintiff were able to return to work, it would be impossible for her to pay off her loan balance within the repayment term of the loan.

25. Plaintiff has made all reasonable efforts to maximize her income after graduating from school, Her current medical condition prevents her from being able to have any gainful employment now or in the foreseeable future.

## CAUSE OF ACTION

26. Plaintiff incorporates the above allegations by reference.

27. Plaintiff has established that requiring her to repay her student loans would impose an undue hardship on plaintiff:

- Plaintiff cannot maintain a minimal standard of living for herself if forced to repay her student loans;

- Due to her medical condition, plaintiff's current financial situation is likely to continue during the repayment period;

- Plaintiff has made a good-faith effort to repay her student loans.

**WHEREFORE**, plaintiff requests:

1. An order determining plaintiff's debts to defendants as alleged above are discharged pursuant to 11 U.S.C. §523(a)(8) because excepting plaintiff's debts to defendants from discharge would impose an undue hardship on plaintiff under the three-prong Brunner test;

2. For other equitable relief this Court may determine is fair and just.


Dated: October 18, 2022                    Respectfully submitted,

/s/ Nancy O. Ryan
**Nancy O. Ryan, VSB 22196**
**Kaitlin Millie Walker, VSB 91153**
Attorneys for Plaintiff
Legal Services of Northern VA
10700 Page Avenue, Ste 100
Fairfax, VA  22030
NRyan@lsnv.org
703-504-9142; fax 571-386-0614