

October 26, 2022

FILED
MAILROOM
2022 OCT 31 PM 12: 54
CLERK
US BANKRUPTCY COURT
ALEXANDRIA DIVISION

KAITLIN MILLIE WALKER
LEGAL SERVICES OF NORTHERN VIRGINIA
9240 CENTER STREET
MANASSAS, VA 20110

Re: Gember Beruk v Great Lakes Educational Loan Services Inc.
 Adversary Case No.: 22-01050
 U.S. Bankruptcy Court for the Eastern District of Virginia

Dear Ms. Walker,

We received the Adversary Summons and Complaint in the above-entitled matter.

We are writing to request that you voluntarily dismiss the action against Great Lakes Educational Loan Services Inc. (GLELSI) because GLELSI is not a proper party to this adversary action.

GLELSI is Gember Beruk's student loan servicer. GLELSI does not own Ms. Beruk's loan(s). It provides account management services on behalf of the lender – the U.S. Department of Education, who is a named Defendant in this action. Service should be to the Department of Education, 400 Maryland Avenue SW., Washington, DC 20202.

Since GLELSI does not own the loan(s), a discharge order against it will have no effect: GLELSI does not have any loan(s) to discharge.

Please direct questions via email to Jackie Schwartz at jschwartz@glhec.org or Patricia Wheeler at pwheeler@glhec.org.

Thank you for your attention to this matter.

Sincerely,

Great Lakes Educational Loan Services Inc.

**Wolters Kluwer**

CT Corporation
Service of Process Notification
10/24/2022
CT Log Number 542538013



## Service of Process Transmittal Summary

**TO:** Jackie Schwartz
NELNET, INC.
7150 S FULTON ST STE 100
CENTENNIAL, CO 80112-3779

**RE:** Process Served in Virginia

**FOR:** Great Lakes Educational Loan Services, Inc. (Domestic State: WI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Gember Beruk // To: Great Lakes Educational Loan Services, Inc. |
| **CASE #:** | Bankruptcy 2201050BFK<br>Adversary None Specified |
| **NATURE OF ACTION:** | Bankruptcy Litigation - Chapter 7 |
| **PROCESS SERVED ON:** | C T Corporation System, Glen Allen, VA |
| **DATE/METHOD OF SERVICE:** | By Non-Traceable Mail on 10/24/2022 |
| **JURISDICTION SERVED:** | Virginia |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/24/2022, Expected Purge Date: 10/29/2022<br><br>Image SOP<br><br>Email Notification, Jackie Schwartz  jackie.schwartz@nelnet.net<br><br>Email Notification, Mark Pence  mark.pence@nelnet.net<br><br>Email Notification, Nelnet Edclaims  nelnetedclaims@nelnet.net<br><br>Email Notification, Shawna Hightree  shawna.hightree@nelnet.net<br><br>Email Notification, Patricia Wheeler  Patricia.Wheeler@nelnet.net<br><br>Email Notification, Eric Kozisek  eric.kozisek@nelnet.net<br><br>Email Notification, Christi Myrup  christi.myrup@nelnet.net<br><br>Email Notification, Seynabou Youm  seynabou.youm@nelnet.net<br><br>Email Notification, MELISSA BALL  melissa.ball@nelnet.net<br><br>Email Notification, Jen Holloway  Jenifer.Holloway@nelnet.net |
| **REGISTERED AGENT CONTACT:** | CT Corporation System<br>4701 Cox Road<br>Suite 285<br>Glen Allen, VA 23060<br>866-665-5799<br>SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other

Page 1 of 2



**CT Corporation**
**Service of Process Notification**
10/24/2022
CT Log Number 542538013



information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



**LSNV**
LEGAL SERVICES
OF NORTHERN VIRGINIA

FAIRFAX OFFICE
10700 Page Avenue, Suite 100
Fairfax, Virginia 22030

*Opening Doors to Justice*



NOVA 220
20 OCT 2022PM



US POSTAGE
ZIP 22030
02 7H
0006037790

Great Lakes Education Loan
Services, Inc.
c/o CT Corporation System, RA
4701 Cox Rd Ste 285
Glen Allen, VA 23060-6808

## United States Bankruptcy Court
### Eastern District of Virginia
### Alexandria Division

|  |  |
|---|---|
| In re:<br>Gember Beruk | Case Number 22-10913-BFK<br>Chapter 7<br>Adversary Proceeding Number 22-01050-BFK<br>Judge Brian F. Kenney |
|  | Debtor(s) |

Gember Beruk

Plaintiff(s)

V.

U.S. Department of Education et al.

Defendant(s)

### SUMMONS AND NOTICE IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the Clerk of the Bankruptcy Court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days. Motion or Answer is due by **November 17, 2022**. If you make a motion, your time to answer is governed by Fed.R.Bankr.P. 7012.

| ADDRESS OF CLERK: | William C. Redden<br>United States Bankruptcy Court<br>200 South Washington Street<br>Alexandria, VA 22314 |
|---|---|

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| NAME AND ADDRESS OF<br>PLAINTIFF'S ATTORNEY: | Kaitlin Millie Walker<br>Legal Services of Northern Virginia<br>9240 Center Street<br>Manassas, VA 20110 |
|---|---|

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place:

| ADDRESS: | Judge Kenney's Courtroom, U.S. Bankruptcy Court, 2nd Floor, 200 S. Washington St., Ctrm I, Alexandria, VA 22314 |
|---|---|
| DATE AND TIME: | 3/13/23 at 09:30 AM |

IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

Date: October 18, 2022

WILLIAM C. REDDEN, CLERK OF COURT
By /s/ Kimberly J. Chandler
Deputy Clerk



*[Note: It is the responsibility of counsel for the plaintiff/movant to advise the Court of any settlement or any other valid reason that a Court scheduled pretrial conference, hearing or trial need not be conducted. Counsel are advised to provide the Court with such notification as far in advance of any such conference, hearing or trial as is practical under the circumstances. Failure of such counsel to properly and timely notify the Court may result in the imposition of sanctions. Local Bankruptcy Rule 9013-1(O)].*

Bankruptcy Case No. 22-10913-BFK

Adversary Proceeding Case No. 22-01050-BFK



# CERTIFICATE OF SERVICE

I, __Nancy O. Ryan__ (name), certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of this summons and a copy of the complaint was made __10-20-2022__ (date) by:

☒ **Mail Service:** Regular, first class United States mail, postage fully pre-paid, addressed to:

☐ **Personal Service:** By l~~eaving the process with defendant or with an~~ officer or agent of defendant at:

Great Lakes Education Loan Services, Inc.
c/o CT Corporation System, RA
4701 Cox Rd Ste 285
Glen Allen, VA  23060-6808

☐ **Residence Service:** By ~~leaving the process with the following adult at:~~

☐ **Certified Mail Service on an Insured Depository Institution:** By sending the process by certified mail addressed to the following officer of the defendant at:

☐ **Publication:** The defendant was served as follows: [Describe briefly]

☐ **State Law:** The defendant was served pursuant to the laws of the State of _____ (name of state), as follows: [Describe briefly]

Under penalty of perjury, I declare that the foregoing is true and correct.

__October 20, 2022__                               __Nancy O Ryan__
        Date                                          Signature

Nancy O. Ryan, Esq.
Low Income Tax Clinic
Legal Services of Northern Virginia
10700 Page Ave. Ste 100
Fairfax, VA 22030



## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| In re: )<br>)<br>GEMBER BERUK )<br>)<br>_____ ) | Case No. 22-10913-BFK |
| )<br>GEMBER BERUK )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF EDUCATION )<br>)<br>    SERVE:    Lisa Brown, General Counsel )<br>                  US Department of Education )<br>                  400 Maryland Avenue SW )<br>                  Washington, DC 20202 )<br>)<br>                  United States Attorney )<br>                  Eastern District of Virginia )<br>                  2100 Jamieson Ave. )<br>                  Alexandria, VA 22314 )<br>)<br>                  United States Attorney General )<br>                  10th St & Constitution Ave, NW )<br>                  Rm. 6313 )<br>                  Washington, DC 20530 )<br>)<br>And )<br>)<br>GREAT LAKES EDUCATIONAL LOAN )<br>SERVICES, INC. )<br>)<br>    SERVE:    C T CORPORATION SYSTEM )<br>                  4701 Cox Rd Ste 285 )<br>                  Glen Allen, VA 23060-6808 )<br>)<br>                  *Defendants* ) | AP No. 22-01050-BFK<br><br>COMPLAINT TO<br>DETERMINE<br>DISCHARGEABILITY<br>OF STUDENT LOAN<br>DEBT UNDER<br>11 U.S.C. §523(a)(8) |



# COMPLAINT TO DETERMINE DISCHARGEABILITY
# OF STUDENT LOANS UNDER 11 U.S.C. §523(a)(8)

## JURISDICTION

1.	The United States District Court for the Eastern District of Virginia has jurisdiction of this action pursuant to 28 U.S.C. § 1334 because plaintiff's dischargeability complaint arises under Title 11.

2.	The United States Bankruptcy Court for the Eastern District of Virginia has jurisdiction of this action pursuant to 28 U.S.C. § 157 and Rule 7001 of the Federal Rules of Bankruptcy Procedure, in that it arises under plaintiff's bankruptcy case number 22-10913-BFK filed under Chapter 7 of Title 11 in this United States Bankruptcy Court for the Eastern District of Virginia (Alexandria Division).

3.	Plaintiff's dischargeability complaint is a core proceeding under 28 U.S.C. §157(b)(2), and plaintiff consents to entry of final orders and judgment by the bankruptcy judge in this adversary proceeding.

4.	Venue is proper in this district because plaintiff resides in Alexandria, Virginia in this district and filed her bankruptcy in this Alexandria Division.

5.	The relief requested in this Complaint is predicated upon section 523(a)(8) of the Bankruptcy Code, 11 U.S.C. § 523(a)(8), and Rule 7001 of the Federal Rules of Bankruptcy Procedure,.

## PARTIES

6.	Gember Beruk ("plaintiff") is an individual living in Alexandria, Virginia. Plaintiff's educational debts to defendants are collectively referred to as her "student loans" in this complaint.

7. Defendant United States Department of Education ("DOE") is the owner of all of plaintiff's outstanding Stafford student loans.

8. Defendant Great Lakes Educational Loan Services, Inc. ("Great Lakes") is a nonprofit corporation authorized to conduct business in Virginia. Great Lakes is the loan servicer for all of plaintiff's student loans.

## FACTS

9. Plaintiff attended Northern Virginia Community College (hereinafter "NVCC") from 2009 through 2011 and received an Associate of Science in Business Administration degree in May 2011.

10. Plaintiff attended George Mason University from fall 2011 through May 2015, when she received a Bachelor of Science in Accounting and a Bachelor of Science in Information Systems Operations Management in May 2015.

11. To finance her education, plaintiff borrowed a total of $54,000 in federal Stafford loans, with interest rates ranging from 3.4% to 6.8%. No payments were due on these loans while plaintiff was a full-time student.

12. The current cumulative balance on these loans is $57,458.78.

13. Under the original terms of the student loans, plaintiff was required to resume payments six months after graduation (around November 2015), and her monthly payment required to pay off all loans during the standard loan repayment period would have ranged between $609.00 and $684.00 for a period of ten (10) years, or until November 2025.

14. Plaintiff was unable to find a job immediately after graduation. She applied and interviewed for many jobs but was unable to get a job in her field of study because she lacked previous work experience.



15.   Plaintiff eventually found a job as an Office Manager at Crescent Property Management in Washington, DC. Her starting wages were $12 per hour and eventually her wages were raised to $14 per hour.

16.   Plaintiff could not afford to start making payments of $609 per month in November 2015 as required. On February 13, 2016, she applied for and was accepted into DOE's income-based repayment ("IBR") program, with her required payment being $133.17 per month.

17.   Plaintiff has made a good faith attempt to repay her student loans. Once she was accepted into the IBR program, plaintiff made the following payments:

| Date | Amount |
|---|---|
| 04/09/2016 | $133.17 |
| 05/09/2016 | $133.17 |
| 06/09/2016 | $133.17 |
| 06/17/2016 | $875.57 |
| 07/08/2016 | $200.00 |
| 08/08/2016 | $140.00 |
| 09/08/2016 | $140.00 |

18.   After September 2016, plaintiff became unable to make further payments because she developed debilitating health issues that made her unable to work because of them. She applied for and was granted forbearance from DOE; her interest payments were government-subsidized from October 2016 through March 2021, when DOE stopped all student loan payments due to the COVID-19 pandemic.

19.   Plaintiff's student loans have never gone into default. She meticulously monitors her student loan account and status to ensure she has always kept her student loan account in good standing. Her current loan forbearance period will end on January 11, 2023.

20. Special circumstances exist that indicate plaintiff's inability to repay her student loans will continue through the loan repayment period. Plaintiff's medical issues have never been resolved and she continues to be unable to work because of them. She does not have a definitive diagnosis even though she has seen several different types of medical specialists and has been referred to and participated in studies at the National Institutes of Health.

21. Due to her medical issue, plaintiff has been forced to move back in with her parents, who support her financially. She receives limited public benefits of Medicaid medical insurance and SNAP (food stamps) of $250 per month.

22. Plaintiff has been ill and unable to work since September 2016. She does not know if or when she will ever be able to return to work in any capacity. Her original loan repayment period will be done in November 2025, though she was recently advised of a new program that offered her lower initial payments for two years with a payback period that would stretch into 2033.

23. Plaintiff cannot maintain a minimal standard of living if required to repay her student loans to defendants.

24. Even if plaintiff were able to return to work, it would be impossible for her to pay off her loan balance within the repayment term of the loan.

25. Plaintiff has made all reasonable efforts to maximize her income after graduating from school, Her current medical condition prevents her from being able to have any gainful employment now or in the foreseeable future.



## CAUSE OF ACTION

26. Plaintiff incorporates the above allegations by reference.

27. Plaintiff has established that requiring her to repay her student loans would impose an undue hardship on plaintiff:

- Plaintiff cannot maintain a minimal standard of living for herself if forced to repay her student loans;

- Due to her medical condition, plaintiff's current financial situation is likely to continue during the repayment period;

- Plaintiff has made a good-faith effort to repay her student loans.

**WHEREFORE**, plaintiff requests:

1. An order determining plaintiff's debts to defendants as alleged above are discharged pursuant to 11 U.S.C. §523(a)(8) because excepting plaintiff's debts to defendants from discharge would impose an undue hardship on plaintiff under the three-prong Brunner test;

2. For other equitable relief this Court may determine is fair and just.

Dated: October 18, 2022           Respectfully submitted,

/s/ Nancy O. Ryan
Nancy O. Ryan, VSB 22196
Kaitlin Millie Walker, VSB 91153
Attorneys for Plaintiff
Legal Services of Northern VA
10700 Page Avenue, Ste 100
Fairfax, VA 22030
NRyan@lsnv.org
703-504-9142; fax 571-386-0614

# United States Bankruptcy Court
### Eastern District of Virginia

Case Number   22-10913-BFK
Chapter   7
Adversary Proceeding Number   22-01050-BFK
Judge   Brian F. Kenney

In re: Gember Beruk

Gember Beruk

Plaintiff(s)

V.

U.S. Department of Education et al.

Defendant(s)

## INITIAL SCHEDULING ORDER

1. **Motions must be promptly set for hearing.** Any motion to dismiss or for more definite statement shall be noticed by the movant at the same time as it is filed for a hearing on the nearest available motions day that provides 14 days notice. *Failure to notice such motions for a hearing may result in the summary denial of the motion.* Available motions dates may be obtained from the Clerk.

2. **Discovery Meeting and Commencement of Discovery.** The attorneys and any party not represented by an attorney shall meet to formulate a discovery plan as required by F.R.Bankr.P. 7026 and F.R.Civ.P. 26(f) no later than 40 days after issuance of the summons. The meeting may be in person or by telephone. Discovery may be commenced 40 days after the issuance of the summons, or, if earlier, after the discovery meeting provided that the parties have agreed upon a discovery plan.

3. **Initial Pretrial Conference.** An initial pretrial conference under F.R.Bankr.P. 7016 and F.R.Civ.P. 16(a) shall be held on <u>December 5, 2022</u> at 9:30 a.m. in Courtroom I, Martin V.B. Bostetter, Jr., United States Courthouse, 200 South Washington Street, Alexandria, Virginia, to establish a discovery plan, if **at least 14 days before the date of the initial pretrial conference** the parties file a proposed discovery plan or either party files a statement that the discovery plan contained in paragraph 4 of this order is not appropriate for this case and that the parties have been unable to agree on a discovery plan. **The motion to establish a discovery plan should be noticed for a hearing using the above referenced date and time.** Otherwise, the initial pretrial conference will not be held and the discovery plan set forth in this order will control.

4. **Discovery Plan.** Unless modified by order of this court, the following shall constitute the discovery plan for this adversary proceeding:

    a. The initial disclosures required by F.R.Civ.P. 26(a)(1) shall be made not later than the date shown above for the initial pretrial conference.

    b. The parties shall make the expert witness disclosures required by F.R.Civ.P. 26(a)(2) except rebuttal expert witness disclosures, not later than 60 days after issuance of the summons. Rebuttal expert witness disclosures shall be made within 90 days after issuance of the summons.



c. All discovery shall be **concluded** within 120 days after issuance of the summons and shall be **initiated** by such date as will allow the full period for response permitted by the Federal Rules of Civil Procedure, unless such period is reduced by the court or by stipulation of the parties.

d. No party may serve on another party more than 25 interrogatories or 30 requests for admission, or take more than 5 depositions.

5. Any party not consenting to the entry of a final order by the Bankruptcy Judge shall file a Motion to withdraw the reference or for other appropriate relief within **30 days** of the entry of this Scheduling Order, and shall promptly set the matter for a hearing. The failure to comply with the terms of this paragraph shall be deemed to constitute consent to the entry of final orders by the Bankruptcy Judge.

6. **Final Pretrial Conference.** A final pretrial conference shall be held on <u>March 13, 2023</u> at 09:30 AM in Judge Kenney's Courtroom, U.S. Bankruptcy Court, 2nd Floor, 200 S. Washington St., Ctrm I, Alexandria, VA 22314, at which an early trial date will be set. *At or before such conference, the parties must make the disclosure of trial witnesses and exhibits required by F.R.Civ.P. 26(a)(3). The witness list and the original and two copies of the exhibits – each properly bound, indexed and tabbed – must be filed with the court at or before the final pretrial conference. The Plaintiff shall number his exhibits. The Defendant shall letter his exhibits. The pages of each exhibit shall be numbered.* Objections to exhibits must be served on the parties and filed with the court within 7 days after the final pretrial conference. Objections not made, other than objections under Rule 402 and 403 of the Federal Rules of Evidence, are waived unless excused by the court for good cause and the exhibits will stand as admitted.

7. **Summary Judgment Motions.** All motions for summary judgment shall be filed not later than 14 days after the close of discovery and shall be set for hearing on the next motions day that provides at least 14 days notice.

8. **Availability of Mediation.** Pursuant to General Order 92-1-2, Adoption of Procedures For Mediation of Adversary Proceedings and Contested Matters, this case may be assigned to mediation by joint request of the parties at any time sufficiently in advance of a scheduled trial as to not delay the trial or by the Court at either the initial or final pretrial conference. To request mediation, the parties must submit a praecipe signed by all counsel (or by the parties themselves, if not represented by counsel) requesting referral to mediation and designating mutually acceptable mediator and alternate, or if the parties cannot agree on a choice of mediator, a statement to that effect. A list of volunteer mediators approved by the Court is available from the Clerk. If the parties agree on a mediator and an alternate, the Clerk will enter an order referring the matter mediation; otherwise the Court will designate the mediator and alternate and enter the order.

9. **Service of Order by Plaintiff.** The Clerk shall provide a copy of this order, the Instructions for Preparing Exhibit List, and the form Exhibit List to the plaintiff, who shall serve it on all defendants with the summons and complaint.

Alexandria, Virginia  
Date: <u>October 18, 2022</u>

FOR THE COURT  
William C. Redden, Clerk  
United States Bankruptcy Court

By: <u>Kimberly J. Chandler</u>  
Deputy Clerk

**NOTICE OF JUDGMENT OR ORDER ENTERED ON THE DOCKET**

[SchOrdExhibAlexvJan2016.jsp]

<u>October 18, 2022</u>



# United States Bankruptcy Court
### Eastern District of Virginia
### Alexandria Division
### 200 South Washington Street
### Alexandria, VA 22314

## INSTRUCTIONS FOR PREPARING EXHIBIT LIST, PRE-MARKING EXHIBITS AND USING DEPOSITIONS

### EXHIBIT LIST

The Exhibit List must be typewritten and double-spaced, and should describe briefly each Exhibit to be introduced at trial. The "admitted" and "identified" columns should be left blank.

### EXHIBITS

Each Exhibit should be numbered using a pre-printed, colored, adhesive label, in accordance with the following:

*Plaintiff       —    Yellow – Numerically, beginning with #1
*Defendant    —    Blue – Alphabetically, e.g. A, B, C; AA, AB, AC; BA, BB, BC, etc.

*In cases with more than one party, please identify the appropriate party on each Exhibit.

The adhesive labels should be fixed at the bottom of the Exhibit. Each Exhibit should be listed by number on the Exhibit List.

Any Exhibit which exceeds five (5) pages in length must have all pages of such Exhibit marked with the page number in the lower right hand corner.

If an Exhibit is a small document, such Exhibit must be stapled to a sheet of standard-sized paper and the Exhibit label affixed to the bottom of the sheet of paper. In the case of a group of photographs or checks, please affix a separate label to each item and number as follows: 1-A, 1-B, 1-C, or A-1, A-2, A-3, etc.

If there are more than five (5) Exhibits, they must be firmly bound and tabbed. The original and two copies of both the Exhibits and Exhibit List should be filed with the Court and copies exchanged between counsel by the date set forth in the Initial Scheduling Order.

It is desirable that counsel stipulate to the admissibility of as many Exhibits as possible, so that such Exhibits may be admitted into evidence at the beginning of trial.

### DEPOSITIONS

Only those portions of a deposition to be considered by the court may be filed as an exhibit. A summary of the testimony to be considered shall be attach to the exhibit identifying by page and line number those portions to be considered by the court.

Objections to the portions designed shall be included in the objections to exhibits as required by the Initial Scheduling Order.



# United States Bankruptcy Court
### Eastern District of Virginia

|  |  |
|---|---|
| In re: Gember Beruk | Case Number  22-10913-BFK<br>Chapter  7<br>Adversary Proceeding Number  22-01050-BFK<br>Judge  Brian F. Kenney |

Gember Beruk

                                  Plaintiff(s)

V.

U.S. Department of Education et al.

                                  Defendant(s)

## EXHIBIT LIST FOR

___[Name and Type of Party]___

| Exhibit Number/Alphabet | Identified | Admitted | Description |
|---|---|---|---|

[Exhibit Information]

*[Note: Additional pages of this Exhibit List need not contain the full caption.]*