IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| GEMBER BERUK, | ) CASE NO. 22-10913-BFK |
| | ) |
| Debtor. | ) |
| _____ | ) |
| | ) |
| GEMBER BERUK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) AD. PRO. NO. 22-01050-BFK |
| | ) |
| U.S. DEPARTMENT OF EDUCATION, ET AL., | ) |
| | ) |
| Defendants. | ) |

CONSENT MOTION TO STAY ADVERSARY PROCEEDING
AND MEMORANDUM IN SUPPORT THEROF

The United States of America requests that the Court stay further action in the above-entitled adversary proceeding through and including February 17, 2023. Counsel for the United States has discussed the relief requested in this motion with counsel for the Plaintiff who consents to such relief. As grounds for this Motion, the United States avers the following:

1. The above-captioned adversary proceeding was filed on October 18, 2022. Dkt. No. 1. A Summons and Notice in an Adversary Proceeding as well as an Initial Scheduling Order were entered on the same date. Dkt. Nos. 2 and 3. The United States' deadline to answer or otherwise respond to the Complaint expires on November 17, 2022.

Robert K. Coulter
Assistant United States Attorney
VSB: 42512
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3745
Counsel for the United States of America

2

2. On August 6, 2021, the United States Department of Education ("Education") announced an extension through January 31, 2022 of its policy suspending payments and collection activities regarding federally-held student loans. Suspension of payments and collections on federal student loans originated with the enactment of the "Coronavirus Aid, Relief, and Economic Security Act'' (the "CARES Act") on March 27, 2020, and after expiration of these provisions of the CARES Act, suspension of payments and collections have been extended through executive action and regulatory action of the Department. Education has now further extended its policy to suspend payments and collection of federal student loan debt through December 31, 2022.[1]

3. In addition, the Department of Justice has, on November 17, 2022, issued new guidance regarding requests to discharge student loans in bankruptcy cases. The guidance is an effort to enhance consistency and equity in the handling of student loan discharge adversary proceedings. The United States seeks a temporary stay to review and implement the new guidance.

4. The United States requests the Court to stay this adversary proceeding through February 17, 2023. A stay of this proceeding will further the goal of minimizing the financial impact of the COVID-19 pandemic on Federal student loan borrowers by assisting those borrowers in avoiding litigation costs and burdens during the pendency of the suspension. In

---

[1] It appears that the Plaintiff and the. Department are the real parties in interest in this proceeding. Although named as a party to this proceeding, Great Lakes Education Loan Services, Inc. is a loan servicer, not a loan holder.

3

addition, a stay of this proceeding will allow the Plaintiff and the Defendant to implement the Government's new guidance on student loan discharge cases.

5. Courts have "broad discretion" to stay proceedings in matters before them. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see also* Fed. R. Civ. P. 1.

6. In bankruptcy proceedings, courts have found the power to issue a stay of proceedings is derived from Section 105(a) of the Bankruptcy Code, which authorizes the court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). *See, e.g., U.S. Bank N.A. v. Perlmutter (In re South Side House, LLC),* 470 B.R. 659, 684 (Bankr. E.D.N.Y. 2012) (Court has inherent authority to stay bankruptcy proceedings under Section 105(a)) (*citing Musselman v. Home Ins. Co. of Ind. (In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey)*, 1990 U.S. Dist. LEXIS 10235 at *2 (S.D.N.Y. Aug. 7, 1990) (Section 105(a) authorizes bankruptcy to enter a complete stay of an adversary proceeding)).

7. In this case, staying continuation of the litigation is appropriate. In addition, Education's announced policy concerning discharge of some student loan obligations could affect the outcome of this proceeding, and as such, the matter should be stayed during implementation of such policy. Therefore, the United States, with the consent of the Debtor,

4

requests that the Court stay the present matter, and suspend compliance with the summons and the Initial Scheduling Order, through February 17, 2023.

8. The Parties further request the Court set a status conference in this proceeding on or after February 17, 2023, to reset any scheduling order deadlines, trial dates, or other deadlines imposed in this adversary proceeding. The parties shall file a joint status report one week prior to this date (*i.e.*, by February 10, 2022), advising the Court whether they believe any grounds exist for requesting a further extension of the stay of this proceeding, or whether dismissal or placement of the adversary proceeding case back on the Court's active docket is appropriate.

    Respectfully submitted,

    JESSICA D. ABER
    UNITED STATES ATTORNEY

By: */s/ Robert K. Coulter*
    Robert K. Coulter
    Assistant United States Attorney

5

## CERTIFICATE OF SERVICE

      I hereby certify a copy of foregoing will be filed with the United States Bankruptcy Court electronically in the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Date: November 17, 2022

                                      /s/ Robert K. Coulter
                                      ROBERT K. COULTER